**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TENEAL JONES** | **CIVIL ACTION** |
| **v.** | **NO: 24-2118** |
| **AIRBNB PAYMENTS, INC., ET AL.** | **SECTION: C (5)** |

**ORDER AND REASONS**

The Motion for Summary Judgment filed by defendant, Brittany Kendrick (R. Doc. 33), seeking dismissal of plaintiff's claims, is before the court. The motion is **GRANTED**.

## I. BACKGROUND

Plaintiff, Teneal Jones, alleges she was injured when a sliding door came off its "rails" and fell on her.[1] She claims Kendrick, the property owner, caused the door to fall and the resulting injuries.[2,3]

Sheila Holman rented the house at 5644 Vermillion Boulevard in New Orleans for herself and friends, including Jones.[4] While there, Jones entered a bathroom

---

[1] R. Doc. 1-1 ¶¶ 3–6.
[2] *Id.* ¶ 7.
[3] This action is brought against both Airbnb Payments, Inc. ("Airbnb") and Kendrick. On November 19, 2024, Judge Zainey ordered the claims against Airbnb to arbitration and entered a stay as to Airbnb. (R. Doc. 19).
[4] R. Doc. 33-5 at 10.

through a sliding door.[5] When leaving the bathroom, Jones alleges the door fell and struck her right side.[6] Jones claims injuries.[7]

After the incident, someone noted the door was "off track," and that wall paint behind the door was scratched.[8] Jones claims this indicates the door was "off track" for some time.[9] In deposition, Jones testified she was unaware if Kendrick knew the door was "off track," or if Kendrick was in the process of fixing it.[10] It is undisputed there were no accidents involving the door either before or after this alleged accident, and no reports of prior problems or issues with the door.[11] Kendrick argues Jones cannot prove actual or constructive notice of a door defect.[12]

## II. ANALYSIS

### A. Summary Judgment Standard

Summary judgment must be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56. The movant has the initial burden of "showing the absence of a genuine issue as to any material fact." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The respondent must then "produce evidence or designate

---

[5] *Id.* at 11.
[6] *Id.*
[7] *Id.* at 17.
[8] *Id.* at 12.
[9] *Id.*
[10] *Id.*
[11] R. Doc. 33-6 at 2.
[12] R. Doc. 33-1 at 6.

specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat. Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). Evidence that is "merely colorable" or "is not significantly probative" is not sufficient to defeat summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"An issue is material if its resolution could affect the outcome of the action." *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001). Thus, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. Although this court must "resolve factual controversies in favor of the nonmoving party," it must only do so "where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). The court must not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

"Summary judgment is appropriate where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, or where it is so overwhelming that it mandates judgment in favor of the movant." *Armstrong v. City of Dallas*, 997 F.2d 62, 67 (5th Cir. 1993). Summary judgment is also appropriate if the party opposing the motion fails to establish an

essential element of her case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

**B. Applicable Provision of Louisiana Law**

Jones' negligence claims are governed by Louisiana Civil Code article 2317.1, which states:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

If a plaintiff asserting a negligence claim under Louisiana law fails to prove any one of the required elements by a preponderance of the evidence, the defendant is not liable. *Farrell v. Circle K Stores, Inc.*, 359 So. 3d 467, 473 (La. 2023). Under Article 2317.1, a plaintiff must prove, among other elements, the defendant had actual or constructive knowledge of the defect. *McDuffie v. Hillstone Restaurant Group, Inc.*, No. 16-cv-6733, 2017 WL 4011205, at *2 (E.D. La. Sept. 12, 2017); *Jones v. Town of Gueydan*, 323 So. 3d 451, 453 (La. App. 3 Cir. 2021).

Jones does not allege why the door fell. Significantly, there is no evidence the door had ever fallen before. There is no evidence Kendrick knew the door could or would fall. Consequently, there is no evidence Kendrick had "actual notice" that the door was in any way defective.

"Constructive notice" requires proof that the defect existed over a sufficient time period that reasonable diligence should have prompted its discovery and repair. *Carroll v. American Empire Surplus Lines Insurance Co.*, 289 F.Supp.3d 767, 776 (E.D. La. 2017) (citing *Flenner v. Sewerage & Water Bd. of New Orleans*, 110 So.3d 661, 665 (La. App. 4 Cir. 2013)).

Jones argues the alleged paint scratch and the alleged observation that the sliding door was "wobbly" constitute constructive notice of a defect. Connected to this argument is Jones' contention that monthly cleanings and inspections were potentially negligent for failing to determine that the door could fall. But, again, Jones presents no evidence why the door fell, which begs the question—what were the inspections supposed to reveal? Without evidence of what those inspections would or should have revealed, the allegation that cleanings and inspections should have revealed something is speculation.

In fact, Jones' evidence suggests the door worked until the moment it fell. Jones testified that after entering the bathroom, *she closed the door behind her.* She stated:

> Okay … So the bathroom downstairs was free. So when I entered the sliding -- **When I slid the door and entered, the door was fine.** It's a shower inside the bathroom. So these are two different doors. I do want to mention that. The sliding door is to enter the bathroom. Then the shower door is to enter the shower. **So I slid the door open to enter the bathroom.** Then I opened the shower door and the shower door opened. It doesn't slide. And I entered. I took a shower, got out, wrapped my towel around me and put my slides on. **And when I was coming**

> **out the bathroom, I slid the door open, came out.** I slid the door back and then it fell back on me on my right side.[13] (emphasis added).

Clearly, the door slid open, then slid closed, several times during the sequence of events described by Jones. Even Jones says when she entered "the door was fine." There is no evidence the door was not working at that time.

The wall scratch neither establishes a defect nor suggests the door would fall. Jones testified no house guest reported the scratch to Kendrick either before or after the alleged accident. Even if the scratch is notice of a defect, which it is not on the evidence presented, there is no evidence how long the scratch was present. The law requires evidence the scratch was there for a sufficient time that Kendrick should have been put on notice of a defect. *See King v. PetSmart LLC*, No. 3:21-CV-00225, 2023 WL 7930074, at *6 (W.D. La. Nov. 16, 2023) ("Louisiana courts have consistently held that constructive notice is plainly defined to include a mandatory temporal element. A court cannot infer the existence of constructive notice absent some showing of this temporal element.") (citing *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1084 (La. 1997) (internal quotation marks omitted)).

Jones says someone noted the door was "kind of wobbly, but I didn't think nothing of it." Again, there is no evidence an undefined "wobbly" sliding door suggests the door is defective, as opposed to properly functioning. And despite the

[13] R. Doc. 33-5 at 11.

alleged observation the door was "wobbly", it worked both when Jones went in the bathroom and when she left. The evidence does not establish a defect in the door that existed long enough or was apparent so that Kendrick would have or should have discovered it before the alleged accident. The evidence does not create a material issue regarding constructive knowledge. *See McDowell v. Feldman*, 341 So.3d 71, 75 (La. App. 1 Cir. 2021), *writ denied*, 2022-00158 (La. 3/15/22), 334 So.3d 394 ("[S]ince there is an absence of evidence to meet [the plaintiff's] burden of proof regarding knowledge, we need not consider whether the evidence created an issue of fact as to any other element of her negligence action … Unsupported speculation does not warrant a finding of a genuine issue of material fact … It takes more than mere argument of a possibility to raise a genuine issue of fact.") (citations omitted).

Jones' 2317.1 claims cannot withstand summary judgment scrutiny. *Compare Carroll*, 289 F.Supp.3d 767 at 776 (granting summary judgment and holding that "[t]here is no evidence of the length of time that the alleged defect in the stairs existed, that an inspection would have revealed the condition of the stairs, or that any party had any suspicion that the stairs were dangerous. Accordingly, Plaintiffs have failed to carry their burden at this summary judgment stage on the issue of knowledge."), *with Conner v. Penn National Gaming, Inc.*, No: 22-cv-1220, 2023 WL 2439839, at *3 (E.D. La. Jan. 11, 2013) (denying summary judgment to

defendant as defendant had acknowledged preexisting water issues prior to patron's slip and fall, ongoing and existing repairs to address the site, and plaintiff's testimony that she had slipped on an algae-like substance that "appeared to have been present for some time"). Having failed to carry her burden at the summary judgment stage on the issue of Kendrick's knowledge, Jones' claim must be dismissed.

## III. CONCLUSION

Defendant Brittany Kendrick's Motion for Summary Judgment (R. Doc. 33) is **GRANTED**. Plaintiff's claims against Kendrick are **DISMISSED**, **WITH PREJUDICE**.

New Orleans, Louisiana, this 2nd day of October 2026

WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE